Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE TORRES, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2:20-cv-03983<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq*.<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq*.<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, ROSE TORRES, individually, and on behalf of all others similarly situated, through counsel, WAJDA LAW GROUP, APC, complaining of FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., as follows:

### NATURE OF THE ACTION

1.   This action seeks redress for FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.'s violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

### JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. ROSE TORRES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in South El Monte, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. ("Defendant") is a corporation organized under the laws of Pennsylvania.

9. Defendant maintains its principal place of business in Hatboro, Pennsylvania.

10. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

11. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

12. Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

**FACUTAL ALLEGATIONS**

13. Years ago, Plaintiff obtained a personal credit card through HSBC Bank of Nevada ("HSBC credit card").

14. Plaintiff made various charges for personal purposes on the HSBC credit card, amassing a balance.

15. Due to financial hardship, Plaintiff fell behind on her monthly payments on the HSBC credit card.

2

16. Eventually, Plaintiff's account fell into default status with an unpaid balance ("subject debt").

17. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Shortly thereafter, Cavalry SPV I, LLC purchased the subject debt and placed it with Defendant for collection.

19. On January 2, 2020, Defendant sent Plaintiff a dunning letter attempting to collect the subject debt ("Collection Letter").

20. The front of the Collection Letter depicted, in pertinent part:

INTENTIONALLY LEFT BLANK

> Dear ROSE TORRES,
>
> Interested in saving $213.73?
>
> Cavalry SPV I, LLC, has authorized us to accept a reduced amount to resolve your account.
>
> | Option 1 | Option 2 | Option 3 |
> |---|---|---|
> | Pay the reduced amount of $213.72 to us in one payment due 02/24/2020 | Pay $42.74 as a down-payment by 02/24/2020 and the remaining balance of $170.98 thirty days after your first payment is received. | You may have an opportunity to split your reduced amount into 2 payments of $106.86 each. Call our office or log on to our website for details. |
>
> CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT.
>
> Sincerely,
> Mike Sacco
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

21. The back of the Collection Letter depicted, in pertinent part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.
>
> FBCS, Inc. is not obligated to renew this offer.

22. The Collection Letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding the subject debt directly to Plaintiff.

23. The front of the Collection Letter further stated "CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT."

24. The *back* of the Collection Letter provided Plaintiff with her dispute rights as required by 15 U.S.C. §1692g ("validation notice"). [1]

---

[1] The FDCPA requires debt collectors to include the validation notice in their initial communication with consumers. *See* 15 U.S.C. §1692g.

4

25. The language on the front of the Collection Letter implying that Plaintiff cannot dispute the subject debt by calling Defendant misrepresents Plaintiff's dispute rights under the FDCPA.

26. Specifically, the FDCPA does not require Plaintiff to dispute the validity of a debt in writing. Instead, the FDCPA only requires a debt collector to verify the debt if a consumer submits a request in writing. *See* 15 U.S.C. §1692g.

27. Defendant's misrepresentation of Plaintiff's dispute rights coupled with the inadequate notice of the same (validation notice on back of Collection Letter) deprived Plaintiff of her right to receive critical disclosures required by the FDCPA. *See Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 177 (W.D. N.Y. 1988 (strategic placement of the validation notice on the back of a letter is effectively no notice at all).

28. The informational harm caused by Defendant's conduct is significant in the sense it deprives Plaintiff and similarly situated consumers of critical dispute information required by the FDCPA.

29. The dispute information is especially critical because a consumer's failure to act in 30 days results in the waiver of certain rights (e.g. right to require debt collector to provide verification of the debt).

30. Defendant's Collection Letter was deliberately designed to deprive Plaintiff and similarly situated consumers of their dispute rights, which if unasserted, results in Defendant's ability to perpetually collect the debt without ever having to verify the debt.

31. Lastly, the front of the Collection Letter stated "Interested in saving $213.73?" followed by  three settlement options to resolve the subject debt, with two of the options requiring payment by February 24, 2020.

5

32. The Collection Letter created a false sense of urgency to pay because it implied that Plaintiff would not be able to save $213.73 if she did not accept the offer by February 24, 2020.

33. Upon information and belief, Defendant's offer to settle the subject debt was perpetual.

34. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that her ability to save $213.73 would expire on February 24, 2020, thus creating a false sense of urgency to accept the offer before it expired.

35. Defendant deliberately designed the language contained in the Collection Letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the offer.

36. As a result of the deceptive and misleading language in the Collection Letter, Plaintiff and other similarly situated consumers were (1) deprived of their right to receive critical information that they are entitled to under the FDCPA and (2) misled into believing that the settlement offer would expire imminently, thus creating a false urgency to make prompt payment on the debt.

## CLASS ALLEGATIONS

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

39. The Putative Class is defined as follows:

All natural persons residing in the State of California (a) that received a correspondence from Defendant similar to or substantially similar to the Collection Letter; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to Cavalry SPV I, LLC.

40. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity:**

41. Upon information and belief, Defendant mailed hundreds, potentially thousands, of similar letters to consumers in the State of California.

42. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

43. Members of the Putative Class can be objectively identified from records of Defendant to be gained in targeted discovery.

**B.    Commonality and Predominance:**

44. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality:**

45. Plaintiff's claims are representative of the claims of other members of the Putative Class.

46. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability:**

47.  This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

48.  The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

49.  By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

50.  Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

51.  Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

52.  Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

53.  Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

## CLAIMS FOR RELIEF

### Count I – Violations of the FDCPA
**(On behalf of Plaintiff, individually, and the Members of Putative Class)**

54.  Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

**a.  Violations of §1692g**

55.  Section 1692g of the FDCPA requires debt collectors to make certain disclosures regarding a consumer's right to dispute the validity of a debt and request verification of the same.

56.  Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

57. Defendant's Collection Letter was deliberately designed to deprive Plaintiff and similarly situated consumers of their dispute rights.

### b. Violations of §1692e

58. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

59. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

60. Defendant violated §1692e and e(10) by falsely representing to Plaintiff that she cannot dispute the subject debt orally.

61. The Collection Letter further violated 15 U.S.C. §§1692e and e(10) by falsely implying that the offer to settle is open for a limited amount of time when in reality it was open perpetually.

62. Defendant deliberately designed the Collection Letter to create a false sense of urgency and pressure Plaintiff and similarly situated consumers into making prompt payment to avoid missing out on the offer.

**WHEREFORE**, Plaintiff, ROSE TORRES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Enjoining Defendant from sending letters to consumers similar to the Collection Letter;
  b. Declaring that the practices complained of herein are unlawful and violate Sections 1692g, e, e(10) of the FDCPA;
  c. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  d. Awarding Class Members statutory damages;

e. Awarding the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f. Awarding any other relief as the Honorable Court deems just and proper.

## Count II – Violations of the RFDCPA
### (On behalf of Plaintiff, individually, and the Members of the Putative Class)

63. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

64. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

65. As stated above, Defendant violated 15 U.S.C. §§ 1692g, e, and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, ROSE TORRES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c. Awarding Class Members statutory damages;

d. Awarding the Plaintiff costs and reasonable attorney fees; and

e. Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | | |
|---|---|---|
| 1 | DATED: April 30, 2020 | Respectfully submitted, |
| 2 | | ROSE TORRES |
| 3 | | By: */s/ Nicholas M. Wajda* |
| 4 | | |
| 5 | | Nicholas M. Wajda<br>**WAJDA LAW GROUP, APC** |
| 6 | | 6167 Bristol Parkway, Suite 200<br>Culver City, California 90230 |
| 7 | | +1 310-997-0471<br>nick@wajdalawgroup.com |

11